IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR GEOVANY ORTIZ-PEREZ, SPN #02962692, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-19-0315 |
| HARRIS COUNTY SHERIFF ED GONZALEZ,[1] | § § § § | |
| Respondent. | § | |

### **MEMORANDUM OPINION AND ORDER**

The petitioner, Oscar Geovany Ortiz-Perez (SPN #02962692), is currently in custody as a pretrial detainee at the Harris County Jail, which is operated by the Harris County Sheriff's Department. The petitioner has filed a Writ of Habeas Corpus Requesting Release to Personal Recognizance Bond per 18 U.S.C. § 3142 ("Petition") (Docket Entry No. 1). After considering the pleadings, the court concludes that this case must be dismissed for the reasons explained briefly below.

### I. **Background**

The petitioner contends that he is currently in state custody

---

[1]The petitioner does not identify a respondent. Because the petitioner is confined in the Harris County Jail, the court substitutes Harris County Sheriff Ed Gonzalez as the proper respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts, which also apply to petitions filed under 28 U.S.C. § 2241.

as the result of false charges filed against him by his roommate's girlfriend.² Court records reflect that the petitioner has been charged with the felony offense of indecency with a child by sexual contact in Harris County Cause No. 1604622.³ The petitioner claims that he has remained in custody since his arrest because immigration officials have placed a "hold" or detainer on his custody.⁴ The petitioner asks this court to issue a writ of habeas corpus and grant him release on his own personal recognizance under 18 U.S.C. § 3142.⁵

## II. Discussion

To obtain a federal writ of habeas corpus a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petitioner seeking a writ of habeas corpus must be "in custody" at the time his petition is filed. Pack v. Yusuff, 218 F.3d 448, 454 n.5 (5th Cir. 2000).

The petitioner does not show that he is in custody in violation of the constitution or that he is entitled to relief under federal law. Although he invokes 18 U.S.C. § 3142(b), which

---

²Petition, Docket Entry No. 1, p. 2.

³See State of Texas v. Oscar Geovany Ortiz-Perez, Cause No. 1604622 (337th Dist. Ct. for Harris Cnty.), available through the Office of the Harris County District Clerk, http://www.hcdistrict.clerk.com (last visited Feb. 11, 2019).

⁴Petition, Docket Entry No. 1, p. 2.

⁵Id. at 1.

authorizes the release of a criminal defendant on personal recognizance pending a trial, this statute does not benefit the petitioner because he is not facing federal criminal charges. More importantly, he is not in federal custody for purposes of habeas corpus review. See Zolicoffer v. United States Dep't of Justice, 315 F.3d 538, 541 (5th Cir. 2003) (holding that prisoners are not "in custody" for purposes of habeas corpus review simply because federal immigration officials have issued a detainer against them). Under these circumstances the petition must be dismissed for failure to state a claim upon which relief may be granted.

### III. Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1. The Writ of Habeas Corpus Requesting Release to Personal Recognizance Bond per 18 U.S.C. § 3142 (Docket Entry No. 1) filed by Oscar Geovany Ortiz-Perez is **DENIED**.

2. This action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

3. A certificate of appealability is **DENIED**.

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the petitioner.**

**SIGNED** at Houston, Texas, on this the 15th day of Feb, 2019.

SIM LAKE
UNITED STATES DISTRICT JUDGE